UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BYRON M. MOORE,**

        Petitioner,

v.                         **Case No. 16-CV-1165-pp**

**UNITED STATES OF AMERICA,**

        Respondent.

---

**DECISION AND ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. §2255 (DKT. NO. 1), GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PAYING THE FILING FEE (DKT. NO. 4) AND DISMISSING PETITION**

---

On August 30, 2016, the plaintiff filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, citing the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015) that the residual clause in the Armed Career Criminal Act is unconstitutionally vague. Dkt. No. 1. The court has reviewed his petition, and finds it without merit. The court will deny the petition, but will waive the $5.00 filing fee.

Rule 4(b) of the Rules Governing Section 2254 Cases in the United States District Courts (which applies to §2255 petitions) says that a court must "promptly examine" a petition, and directs that "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." This court has reviewed the petitioner's letter, and his case file. The court

1

concludes that the defendant was convicted of a "crime of violence" as defined by 18 U.S.C. §924(c)(3)(A), and therefore that the petitioner is not entitled to relief in the district court. The court will dismiss his petition.

**The *Johnson* Decision**

The Armed Career Criminal Act, 18 U.S.C. §922(e)(1), is part of the federal statute that imposes penalties for gun offenses. That statute says that anyone who violates 18 U.S.C. §922(g) (which prohibits certain people, such as felons, fugitives, or illegal aliens, from possessing firearms), and who has three previous convictions for a "violent felony" or a "serious drug offense" or both, must be sentenced to a term of imprisonment of at least fifteen years. The statute defines a "violent felony" as either a felony that is a "burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*," or a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. §924(e)(2)(B). That second clause of the first part of the definition—a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another"—is called the "residual clause" of the Armed Career Offender Act.

In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague, because it didn't give a defendant convicted under §922(g) enough guidance or warning to figure out whether one of his three prior felony convictions "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another," and thus

whether he might be facing the mandatory minimum fifteen-year sentence. The result of the Supreme Court's decision, then, was that any defendant who was convicted of violating §922(g), and was sentenced under §924(e) as an armed career criminal based on one or more felonies that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another," could challenge his sentence under Johnson.

**The Similar Language in 18 U.S.C. §924(c)(3)(B) (The "Residual" Clause)**

The petitioner in this case wasn't sentenced under the Armed Career Criminal Act, so the reasoning in Johnson does not provide him with direct relief. While the petitioner's legal argument consists of only one paragraph, however, he implies that the court should compare the language of the ACCA's residual clause—the language the Supreme Court found unconstitutionally vague—with the language of the statutes under which his sentence was enhanced, 18 U.S.C. §§924(c)(1)(A) and 924(c)(3)(B), and find that it, too, is unconstitutionally vague.

The record shows that the petitioner pled guilty to one count of armed bank robbery, 18 U.S.C. §§2113(a) and (d), and one count of using, carrying or brandishing a firearm in relation to a crime of violence (the bank robbery), in violation of 18 U.S.C. §924(c). United States v. Moore, Case No. 15-cr-60-pp, Dkt. Nos. 17, 18. Section 924(c)(1)(A) provides that a defendant convicted of using or carrying a firearm during and in relation to "any crime of violence or drug trafficking crime" is subject to a mandatory minimum sentence of five years—seven if the defendant brandished the firearm, and ten if the firearm was

3

discharged. The defendant was subject to the seven-year mandatory minimum under the statute.

Section 924(c)(3) defines "crime of violence" for the purpose of those sentence enhancements. It states:

> For the purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the court of committing the offense.

It is the second definition—the one in 924(c)(3)(B)—that some defendants have argued suffers from the same constitutional vagueness as the ACCA's residual clause.

The §924(c)(3)(B) language is not identical to the language in the ACCA's residual clause. Section 924(c)(3)(B) defines a crime of violence as an offense that "by its nature, *involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense,*" while §924(e)(2)(B)(ii) (the ACCA's residual clause) defines such a crime as "burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*") (emphases added). It is identical, however, to the language used in another definitional statute relating to sentence enhancement, 18 U.S.C. §16(b). Section 16(b) defines "crime of violence" in relation to the enhanced sentencing provisions for defendants convicted of illegally reentering the country after being

4

removed, in violation of 8 U.S.C. §1326. For the purposes of determining whether someone who illegally reenters the country after removal should be subject to an enhanced sentence, 18 U.S.C. §16(b) defines a "crime of violence" as

> (a) any offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the court of committing the offense.

In <u>United States v. Vivas-Ceja</u>, 808 F.3d 719 (7th Cir. 2015), the defendant argued that subsection (b) of §16 was unconstitutionally vague for the same reasons that the ACCA's residual clause was unconstitutionally vague, even though the language wasn't precisely the same. The Seventh Circuit analyzed the language of §16(b) using the "categorical approach" described by the <u>Johnson</u> Court, and concluded that §16(b)'s language was "materially the same" as the ACCA's residual clause language, so that it, too was unconstitutionally vague. <u>Id.</u> at 722. It is possible, then, that were the Seventh Circuit to be faced with the question of whether the identical language in §924(c)(3)(B) was unconstitutionally vague, the court might come to the same conclusion.

**The "Force" Clause**

The Seventh Circuit has not faced that question, but even assuming for the sake of argument that it had—and that it had had found §924(c)(3)(B) unconstitutional—that, in and of itself, would not require this court to vacate

5

the petitioner's conviction for using or carrying a firearm during and in relation to a crime of violence. As discussed above, there are *two* parts to §924(c)(3)'s definition of "crime of violence." The first part defines as a "crime of violence" one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." This is sometimes called the "force clause" of the definition. The court has discovered no cases finding constitutional infirmities with *this* part of the definition. So, if the crime of which the petitioner was convicted "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," then his conviction and enhanced sentence for using or carrying a firearm during that offense is not constitutionally infirm under Johnson.

As indicated above, the "crime of violence" of which the petitioner was convicted was armed bank robbery, in violation of 18 U.S.C. §2113(a). That statute provides,

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

To determine whether a predicate offense such as §2113(a) bank robbery qualifies as a "crime of violence," courts use a categorical approach, looking only to the statutory elements of the offense and not to the particular facts underlying the offense. See Descamps v. United States, 570 U.S. ___, 133 S. Ct. 2276, 2281 (2013). The question the court must ask is "whether the *elements of the offense* are of the type" that makes the offense a crime of violence, a question the court answers "without inquiring into the specific conduct of this particular offender." United States v. Woods, 576 F.3d 400, 403 (7th Cir. 2009) (emphasis in original).

In order to prove that someone committed bank robbery under §2113(a), the government would have to prove that a defendant (1) took or attempted to take (2) from the person or presence of another (3) money or property (4) belonging to a bank or similar financial institution (5) at a time when the money or property was federally insured) (6) by "force and violence, or by intimidation." See generally, Seventh Circuit Pattern Jury Instruction 18 U.S.C. § 2113(a) Bank Robbery—Elements. The last element requires the government to prove that the defendant took the money or property in one of two ways—by force and violence, or by intimidate.

There is little argument that taking money "by force and violence" qualifies as a "crime of violence" under §924(c)(3)(A). The question is whether taking money by "intimidation" qualifies as a crime of violence.[1] The Seventh

---

[1] There is little question that the petitioner's offense involved intimidation. He pulled a gun on a teller at First Federal Bank, kept it pointed at her during the

7

Circuit has held that it does. One district court, in a decision issued in October of last year, collected the Seventh Circuit's cases on the topic.

> The Seventh Circuit has repeatedly held that intimidation refers to a threatened use of physical force. See *United States v. Gordon*, 642 F.3d 596, 598 (7th Cir. 2011) ("intimidation exists when a bank robber's words and actions would cause an ordinary person to feel threatened, by giving rise to a reasonable fear that resistance or defiance will be met with force."); *United States v. Thornton*, 539 F.3d 741, 748 (7th Cir. 2008) ("Intimidation is the threat of force . . . which exists in situations where the defendant's conduct and words were calculated to create the impression that any resistance or defiance . . . would be met with force"); *United States v. Smith*, 131 F.3d 685, 688 (7th Cir. 1997) ("intimidation is a reasonable fear that resistance will be met with physical force"); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) ("Intimidation means the threat of force"). In *Thornton*, the court set out a variety of factual circumstances that would involve intimidation, all of which have in common the invocation of a reasonable fear that the defendant "might use physical force to compel" action from the victim. *Thornton*, 539 F.3d at 749 . . . .
>
> Because intimidation requires a threat, albeit in some cases an implied threat, of violent physical force, robbery is a crime of violence within the meaning of section 924(c) even though it can be committed by intimidation rather than actual violence. Indeed, the Seventh Circuit so held in construing the term "crime of violence" as used in a Sentencing Guidelines enhancement. See *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) (construing U.S.S.G. § 4B1.2(1)(i); "There is no 'space' between 'bank robbery' and 'crime of violence' ").

United States v. Enoch, Case No. 15-cr-66, 2015 WL 6407763 at *2-3 (N.D. Ill. October 21, 2015). See also, United States v. Mitchell, Case No. 15-cr-47, 2015 WL 7283132 at *3 (E.D. Wis. November 17, 2015) (collecting post-Johnson cases holding that bank robbery qualifies as a crime of violence under the force clause).

---

entire robbery, and ended up lunging across the teller counter to take money when the teller moved too slowly. United States v. Moore, Case No. 15-cr-60-pp at Dkt. No. 17, p. 3.

8

Case 2:16-cv-01165-PP   Filed 09/06/16   Page 8 of 10   Document 5

Because, therefore, a conviction for armed bank robbery under 18 U.S.C. §2113(a) is a conviction for a "crime of violence" under the "force clause" of §924(c)(3)(A), the defendant's arguments as to whether the "residual clause" definition of the crime of violence in §924(c)(3)(B) may or not be unconstitutionally vague is irrelevant. There is no basis for the court to vacate the defendant's conviction. The petitioner is not entitled to relief from the district court under the Supreme Court's holding in Johnson, and the court must deny his motion and dismiss the petition.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts says that whenever a district court enters a final order that is adverse to the petitioner, it must either issue or deny a certificate of appealability. A district judge may issue a certificate of appealability only when a petitioner has made "a substantial showing of the denial of a constitutional right," 28 U.S.C. §2253(c)(2), and when "[j]urists of reason could . . . disagree" as to whether the court wrongly decided the issue, Walton v. Schwochert, Case No. 10-cv-117, 2010 WL 4318887 at *2 (E.D. Wis. October 25, 2010). Because the petitioner has not made a substantial showing of the denial of a constitutional right, and because the court does not conclude that reasonable jurists could disagree about that, the court declines to issue a certificate of appealability.

The court **DENIES** the petitioner's motion to vacate, set aside or correct his sentence. Dkt. No. 1. The court **GRANTS** the petitioner's motion for leave to proceed without paying the $5.00 filing fee, and **WAIVES** the $5.00 filing fee.

9

Dkt. No. 4. The court **ORDERS** that the petition is **DISMISSED,** and directs the clerk of court to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge